AUGUSTO AMBROSINO *vs.* RHODE ISLAND HOSPITAL TRUST CO.

MARCH 8, 1961.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

POWERS, J. This cause is before us on the complainant's appeal from a decree of the superior court sustaining a demurrer to and dismissing his bill of complaint. The complainant alleges that he is guarantor of a certain mortgage indebtedness owing to the respondent Rhode Island Hospital Trust Co.

The bill originally prayed for a determination of the balance due on said mortgage; that a reasonable time be specified for payment thereof; and that an order be issued restraining respondent's foreclosure sale scheduled to be held on January 29, 1960.

On January 28, 1960, complainant presented his bill to a superior court justice who entered it allowing subpoena to be issued as prayed but denying the prayer for a restraining order. The respondent demurred to the bill on nine grounds and prayed that it be dismissed. Hearing thereon was held on May 31, 1960 wherein the court sustained the demurrer on all nine grounds and dismissed the bill. Whether such was error is the sole question before us.

The bill in substance avers that complainant is a guarantor of a mortgage note held by respondent; that respondent is about to foreclose; that complainant tendered payment

which respondent refused; that complainant is ready and willing to pay the balance of the mortgage indebtedness; that respondent has made no demand for payment on complainant as guarantor; that foreclosure will be detrimental to complainant; and that complainant is without an adequate remedy at law.

The grounds upon which respondent demurred are in substance that complainant has not stated a case entitling him to equitable relief; that he has not set forth any property right or interest, legal or equitable, entitling him to maintain his action; that he is not a proper party thereto; that he alleges no facts showing he has suffered or is about to suffer any damage as a result of respondent's action; that the bill is vague, ambiguous, uncertain, insufficient, inadequate, indefinite and misleading so that respondent is unable to make answer thereto; and that complainant has not established that he is without adequate remedy at law.

In his decision the trial justice found that complainant did not allege tender of the amount due; that he failed to set forth the nature of the guarantee agreement in order to establish what, if any, right he has in the real property by virtue of the guarantee agreement; that the mortgagor is not a party to the bill; that the bill is replete with irrelevant matter and the relief sought is vague and indefinite; and that, since it was not contested that the property in question had already been sold, the instant matter for all practical purposes is moot. The trial justice accordingly sustained the demurrer on all the grounds alleged by respondent. We are in accord with his decision.

The respondent contends, and complainant admits in his bill, that no demand was ever made of complainant-guarantor to answer upon his guarantee. In the ordinary case, a guarantor is only secondarily liable for the debt of the principal debtor. He has no privity in the principal instrument giving rise to the debt. Absent an interest in the realty, or otherwise having privity in the principal instru-

ment of debt, the guarantor who has not had a demand for payment made on him by the creditor has suffered no damage and therefore has no equitable ground for maintaining a suit for injunctive relief.

It is our opinion that the trial justice did not err in sustaining the demurrer and dismissing the bill of complaint.

The complainant's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court.

## ON MOTION FOR REARGUMENT.

### MARCH 22, 1961.

PER CURIUM. After our opinion herein was filed, the complainant asked and received permission to present a motion for leave to reargue. Pursuant thereto he has filed such a motion and upon consideration thereof we are of the opinion that justice does not require a reargument.

Motion denied.

*Augusto Ambrosino,* pro se ipso.

*Max Winograd, Marshall B. Marcus,* for respondent.